**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM M. GAY, #538598,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:16-cv-0018** |
| | ) | |
| **DERRICK SCHOFIELD,** | ) | **Judge Nixon** |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff William M. Gay, a state prisoner incarcerated at the Morgan County Correctional Complex, has filed a *pro se* complaint (ECF No. 1) under 42 U.S.C. § 1983, against the Commissioner of the Tennessee Department of Correction, Derrick Schofield. The plaintiff proceeds *in forma pauperis*. Under the Prison Litigation Reform Act ("PLRA"), the Court is required conduct an initial review of any *in forma pauperis* or prisoner action and to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## I.   Standard of Review

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.	Factual Allegations

The plaintiff alleges that he has only one arm. Before he came to prison, he had a prosthetic arm. When he got to prison, he had to mail his prosthetic arm home because it had a metal hook. The plaintiff asserts that he cannot function without his prosthetic arm.

The plaintiff discovered that other inmates in the custody of the Tennessee Department of Corrections have been furnished prosthetic limbs through the medical department. He went to the medical department at the prison where he is incarcerated and spoke to Dr. Lane, who told him he needed approval from the Warden, Shawn Phillips, and that he, Dr. Lane, would speak to the warden.

The plaintiff never heard back from Dr. Lane so he went back to see him again. This time, Dr. Lane told him that Warden Phillips had denied the plaintiff's request for a prosthetic arm. The plaintiff filed a grievance related to this issue and a discrimination complaint, based on his understanding that other inmates had been furnished prosthetic arms.

The warden directed the medical staff to respond to the plaintiff's complaints. This time the medical staff informed the plaintiff that, per Commissioner Derrick Schofield's orders, he could not have a prosthetic arm. The plaintiff therefore filed this suit against Derrick Schofield.

The plaintiff seeks compensatory damages as well as an injunction requiring the prison to furnish him with a prosthetic arm.

## III. Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 44 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As for the first element, the plaintiff does not identify which of his constitutional rights he believes to have been violated. The plaintiff alleges that per Commissioner Schofield's orders, he has been denied a prosthetic arm. He asserts that the denial is discriminatory, because TDOC has provided prosthetic arms to other inmates. On the basis of these allegations, the Court construes the complaint as invoking the plaintiff's right to equal protection.[1] The Equal Protection Clause of the Fourteenth Amendment "protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights." *Scarbrough v. Morgan*

---

[1] The plaintiff's allegations do not suggest a violation of the Eighth Amendment's prohibition of "cruel and unusual punishments" based on deliberate indifference to the plaintiff's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (noting that the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, pursuant to which they must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates" (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). The plaintiff indicates that he cannot function without his prosthetic arm, but the Court construes this allegation to mean that he is significantly inconvenienced. The plaintiff does not state that he is in pain or that his basic needs have been ignored.

*Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Because the plaintiff does not allege that he is a member of a suspect class, his claim will be governed by rational basis review. *Id.* at 261. Under this test, a "'plaintiff may demonstrate that the government action lacks a rational basis . . . either by negativing every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will.'" *Id.* (quoting *Warren v. City of Athens*, 411 F.3d 697, 711 (6th Cir. 2005)). The plaintiff's allegations, if proven to be true, indicate that prison officials have not offered any rational suggestion for why he has been denied a prosthetic arm when other similarly situated inmates have been provided prosthetic arms. The fact that the plaintiff has received conflicting responses regarding who is responsible for making the decision supports a conclusion that the decision has no rational basis. The Court finds, for purposes of the initial review, that the plaintiff has alleged a deprivation of a constitutional right.

The next question, then, is whether he has shown that the deprivation was caused by a person acting under color of state law and that this person has been named as a defendant. The plaintiff sues only Commissioner Schofield, apparently on the basis that he was told that the denial of his request resulted from an order by Schofield.

The plaintiff does not indicate whether he sues Schofield in his individual or official capacity, and the Court finds that the complaint supports a claim against Schofield in both his individual and official capacity. He states a claim against Schofield in his individual capacity because he alleges that Schofield was directly involved in the decision to deny him a prosthetic arm or, at a minimum, that he "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). See also Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008) ("Because §

1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." (quoting *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005)). Ultimately, to prove his claim, the plaintiff will have to show that Schofield, "as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury." *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (citation omitted). For now, the individual-capacity claim will be permitted to proceed.

Insofar as Schofield is sued in his official capacity for *damages*, this claim fails. Suits against state officials in their official capacity are "treated as suits against the State," *Hafer v. Melo*, 502 U.S. 21, 25 (1991), because in an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Therefore, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). And, as such, a suit for damages against state officials in their official capacity is barred by the Eleventh Amendment. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (finding that when a state has not waived its sovereign immunity and defendants are state employees, "[t]o the extent [defendants] are sued in their official capacities, the § 1983 claim fails."). Accordingly, the official-capacity claim against Schofield must be dismissed.

However, under *Ex parte Young*, 209 U.S. 123 (1908), the official-capacity claim against Schofield for prospective injunctive relief is not barred by the Eleventh Amendment. *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). In this case, the plaintiff suggests that his injuries arose from an order issued by Schofield, who, as Commissioner of the

Tennessee Department of Correction, has the authority to establish department-wide policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). The complaint therefore arguably states an official-capacity claim against Schofield for prospective injunctive relief.

The claims against defendant Schofield in both his individual and official capacity will be permitted to proceed. The plaintiff is put on notice that he may amend his complaint to assert an equal-protection claim against any other individual official he believes participated in the decision to deny his request for a prosthetic arm.

An appropriate order is filed herewith.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT